## Ludrof v. Bethlehem Contracting Company

*Donald Corriere,* for plaintiff.
*Robert E. Donatello,* for defendants.

GRIFO, *J.,* December 7, 1977—This matter is before us on defendants' preliminary objections in the form of a motion to dismiss for failure to state a cause of action and a motion to dismiss for lack of jurisdiction. The issues were combined for briefing and will be so dealt with here.

According to the complaint, plaintiff's employment with defendants was terminated on or about April 1, 1977. Thereafter, plaintiff and defendants entered into an oral agreement concerning the termination of plaintiff's employment. One term of the agreement was that defendants would provide plaintiff with a letter of recommendation for his future employers. The terms of the letter were agreed upon by the parties. Plaintiff avers that he has fulfilled all his obligations under the agreement; however, despite requests, defendants have failed to provide such a letter. Wherefore, plaintiff requests that this court order defendants specifically to comply with the agreement.

In their brief in support of preliminary objections, defendants cite cases for the propositions that a court of equity will not specifically enforce a contract for personal services, and that "seniority rights and other benefits" are not independent rights, but are rights which terminate with the cessation of employment. Defendants equate

plaintiff's demand for a letter of recommendation with a demand for reinstatement, or for personal services, and conclude, on the above cases, that the court should not enforce the demand. The proper remedy, it is asserted, is for damages at law, and therefore, this court lacks jurisdiction.

Simply stated, we are not convinced that the agreement is one for personal services within the traditional meaning of that term. It is not a contract, the performance of which would involve lengthy service, difficulty of enforcement, close personal association of the parties, or any other of the factors which impede the enforcement of "personal service" contracts (see 5A Corbin on Contracts §1204); nor is the right here sought to be enforced one which depends on the existence of the employment relationship for its vitality. Rather, it is, according to the pleadings, the subject of a separate and distinct agreement between the parties, made subsequent to the termination of plaintiff's employment.

Further, we are of the opinion that money damages would not adequately compensate plaintiff for defendants' failure to perform. Money damages would not help secure plaintiff's future employment, nor would they place him in the position he would have occupied had there been no breach.

Wherefore, we feel that there is no adequate remedy at law, and we enter the following

## ORDER OF COURT

And now, to wit, December 7, 1977, defendants' preliminary objections are denied and dismissed.

Defendants are given leave to file an answer within 20 days of the date of this order.